**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4482**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

SHAWN ELIELY,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (4:04-cr-00078)

_____

Submitted:  September 29, 2006      Decided:  October 31, 2006

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James S. Ellenson, LAW OFFICE OF JAMES S. ELLENSON, Newport News, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Shawn Eliely on one count of conspiracy to cause another person to make false statements to a federal firearms dealer, in violation of 18 U.S.C. § 371 (2000), and three counts of causing another to make a false statement to a federal firearms dealer, in violation of 18 U.S.C. §§ 2, 924(a)(1)(A) (2000). The district court sentenced Eliely to concurrent terms of fifty months' imprisonment on all counts. Eliely appealed and asserts insufficient evidence supported his convictions.[*]

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In

---

[*]Eliely does not challenge his sentence on appeal.

- 2 -

evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

Nothwithstanding these principles, Eliely urges us to review the credibility of a trial witness, Demetrial Stewart. At the sentencing hearing, Stewart gave testimony that conflicted with her testimony before the grand jury; consequently, the district court found Stewart's testimony concerning a sentencing enhancement for possession of firearms in connection with another felony lacked credibility, and it sustained Eliely's objection to the enhancement. On this basis, Eliely contends that Stewart wholly lacked credibility. Because Stewart was an important witness to the prosecution, Eliely's argument follows, her lack of credibility renders the evidence against him insufficient to sustain the convictions.

The guilty verdicts indicate that the jury as factfinder found Stewart's testimony credible. While the district court found Stewart's conflicting and uncorroborated testimony did not support one sentencing enhancement, the court also found Stewart's testimony sufficiently credible to support a separate enhancement for obstruction of justice. Nothing in the record indicates Stewart's testimony at trial lacked credibility, and we decline to

upset the jury's obvious finding that Stewart was a credible witness.

After reviewing the trial transcript, we conclude substantial evidence supports Eliely's jury convictions; therefore, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED